IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KERRIE BONNER**, personal representative of the estate of David W. Bonner, deceased,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN GOLF CORPORATION OF CALIFORNIA, INC.** dba **OREGON GOLF CLUB**, fdba **THE OREGON GOLF CLUB**, a foreign corporation; and **AMERICAN GOLF CORPORATION,** dba **OREGON GOLF CLUB**, fdba **THE OREGON GOLF CLUB**, a foreign corporation,<br><br>Defendants. | Case No. 3:22-cv-1582-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Kerrie Bonner ("Plaintiff"), as the personal representative of the estate of David W. Bonner ("Bonner"), sues Defendants American Golf Corporation of California, Inc. and American Golf Corporation (collectively, "Defendants"), asserting claims for negligence in premises liability and liquor liability. Defendants move to dismiss the Complaint for failure to state a claim. For the reasons discussed below, the Court grants Defendants' motion to dismiss and grants Plaintiff leave to amend.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

PAGE 1 – ORDER

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Plaintiff alleges that Bonner went to Defendants' golf club on or about August 16, 2020, to watch the finals of the club championship. ECF 1 ¶ 2. Plaintiff alleges that Bonner consumed

PAGE 2 – ORDER

an excessive amount of alcohol and was visibly intoxicated. *Id.* Despite Bonner's visible intoxication, Plaintiff alleges that Defendants and their employees continued to serve alcoholic beverages to Bonner. *Id.*

During the club championship, Bonner was allegedly riding on the rear of a golf cart, in a position that is not allowed by the manufacturer of the golf cart. *Id.* ¶ 3. Plaintiff alleges that "professionals at the golf course" saw Bonner riding in this position but took no action. *Id.* Bonner then allegedly fell from the golf cart, hitting his head on the asphalt. *Id.* ¶ 4. Bonner allegedly suffered numerous injuries from this fall, including hemorrhages, bone fractures, and encephalopathy, for which he underwent four surgeries. *Id.* ¶¶ 6-7. Plaintiff alleges that Defendants were negligent under a theory of premises liability by making golf carts available and permitting Bonner to ride on the rear of the golf cart; failing to instruct Bonner to stop riding on the rear of the golf cart; failing to warn Bonner of the risks of riding on the rear of the golf cart; failing to call for an appropriate form of transportation allowing Bonner safely to exit the golf club; failing properly to train their staff to identify visibly intoxicated persons; and failing to take reasonable measures to monitor and protect patrons who are visibly intoxicated. *Id.* ¶ 5. Plaintiff also alleges that Defendants were negligent under a theory of liquor liability by serving alcoholic beverages to Bonner when he was visibly intoxicated. *Id.* ¶ 14.

## DISCUSSION

### A. Premises Liability

The scope of a defendant's liability to the plaintiff under a premises liability theory depends on the plaintiff's status as either a licensee, an invitee, or a trespasser. *Towe v. Sacagawea, Inc.*, 357 Or. 74, 87 (2015). The parties do not dispute that Bonner was an invitee: he was invited to enter the premises for the purpose of watching a golf championship. *Cassidy v. Bonham*, 196 Or. App. 481, 486 (2004). Thus, to state a claim of premises liability against

Defendants, Bonner must allege that Defendants had actual knowledge, or in the exercise of reasonable care should have had knowledge, of conditions of the property "that create an unreasonable risk of harm" to Bonner, and Defendants failed "either to eliminate the condition creating that risk or to warn any foreseeable invitee of the risk." *Woolston v. Wells*, 297 Or. 548, 557-58 (1984). Whether a condition creates an "unreasonable risk of harm" depends on the type of visitors the owner would reasonably foresee. *See, e.g.*, *Betrand v. Palm Springs & Eur. Health Spa, Inc.*, 257 Or. 532, 536 (1971) (finding that when owner knew that many customers had physical infirmities, the owner had reason to know that water on the floor of a locker room would create an unreasonable risk of harm); *Nelsen v. Nelsen*, 174 Or. App. 252, 260 (2001) (finding an unreasonable risk of harm where the defendant knew that the plaintiff had a visual impairment and might not see an otherwise obvious hazard). Further, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness." *Nelsen*, 174 Or. App. at 256 n.3 (emphasis omitted) (quotation marks omitted).

Plaintiff alleges that the possibility of riding on the back of the golf cart was a condition that created an unreasonable risk of harm to invitees. Defendants argue that Plaintiff never alleges that Defendants knew or should have known that Bonner was riding on the back of a golf cart, but merely alleges that "professionals at the golf course" observed him. ECF 1 ¶ 3. To allege a claim of premises liability, however, Plaintiff need not allege that Defendants knew that *Bonner* was engaging in certain behavior. Rather, Plaintiff must allege that Defendants knew or should have known only of an unreasonably risky *condition* within their property.

PAGE 4 – ORDER

Plaintiff alleges in the Complaint that Defendants "knew, or in the exercise of reasonable care, should have known, of the reasonably foreseeable and unreasonably dangerous risk of harm presented" by a person "riding in an improper position on the golf cart." *Id.* ¶ 5(c). Defendants argue that this allegation is conclusory. The Court agrees that this allegation states a legal conclusion that the Court does not credit, *see Iqbal*, 556 U.S. at 678-79, and thus the Court examines if Plaintiff has pleaded any factual allegations supporting this conclusion.

Plaintiff does not allege that Defendants knew or should have known that guests would ride golf carts improperly, nor that riding on the rear of a golf cart is unreasonably dangerous. Plaintiff merely alleges that riding a golf cart in this position is not permitted or allowed by the manufacturer of the golf cart. Further, Plaintiff does not allege that any risks from riding on the back of the golf cart were not obvious to guests. The Court thus finds that Plaintiff has not sufficiently alleged that Defendants had actual or constructive knowledge of an unreasonably dangerous risk of harm and grants Defendants' motion to dismiss this claim with leave to amend.

## B.  Liquor Liability

Defendants argue that Plaintiff's claim for liquor liability is barred by ORS § 471.565(1),[1] which states:

> A patron or guest who voluntarily consumes alcoholic beverages served by a person licensed by the Oregon Liquor and Cannabis Commission . . . does not have a cause of action, based on statute or common law, against the person serving the alcoholic beverages, even though the alcoholic beverages are served to the patron or guest while the patron or guest is visibly intoxicated.

---

[1] Defendants argued in their motion to dismiss that ORS § 471.565(1) also bars Plaintiff's premises liability claim but agreed in oral argument before the Oregon Supreme Court during proceedings addressing the certified question that a claim for premises liability would not fall within the scope of immunity provided by ORS § 471.565(1). *See* ECF 21 at 4.

PAGE 5 – ORDER

Plaintiff originally responded that ORS § 471.565(1) is unconstitutional as violative of the remedy clause of Article I, section 10, of the Oregon Constitution. This question was certified to the Oregon Supreme Court, which found that the statute is not unconstitutional, as it provides for a cause of action for a person who *involuntarily* consumes alcohol, "meaning after the point that the person has lost the 'sense of reason and volition.'" ECF 21 at 3.

Plaintiff now argues that by alleging that Bonner was visibly intoxicated, she has sufficiently alleged that Bonner involuntarily consumed alcohol. But the statute explicitly states that a patron or guest does not have a cause of action even when they are visibly intoxicated; instead, they must have not voluntarily consumed alcohol. Plaintiff's complaint does not include any facts that indicate that Bonner involuntarily consumed alcohol, just that he was visibly intoxicated. The Court thus grants Defendants' motion to dismiss Plaintiff's claim for liquor liability, and grants Plaintiff leave to amend to allege facts supporting an allegation that Plaintiff involuntarily consumed alcohol.

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss. ECF 5. If Plaintiff believes she can cure the deficiencies in her Complaint identified in this Order, she may file an amended complaint within two weeks from the date of this Order.

**IT IS SO ORDERED**.

DATED this 26th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge