IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KERRIE BONNER**, personal representative of the estate of David W. Bonner, deceased,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**AMERICAN GOLF CORPORATION OF CALIFORNIA, INC.** dba **OREGON GOLF CLUB**, fdba **THE OREGON GOLF CLUB**, a foreign corporation; and **AMERICAN GOLF CORPORATION,** dba **OREGON GOLF CLUB**, fdba **THE OREGON GOLF CLUB**, a foreign corporation,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-1582-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　　Plaintiff Kerrie Bonner ("Plaintiff"), as the personal representative of the estate of David W. Bonner ("Bonner"), sues Defendants American Golf Corporation of California, Inc. and American Golf Corporation (collectively, "Defendants"). Plaintiff originally alleged claims for negligence in premises liability and liquor liability against Defendants. The Court granted Defendants' motion to dismiss. Plaintiff filed a First Amended Complaint ("FAC") alleging the same claims. Defendants now move to dismiss Plaintiff's claim for premises liability for failure

PAGE 1 – ORDER

to state a claim and to strike Paragraph 8 of the FAC. For the reasons discussed below, the Court grants Defendants' motion to dismiss and denies Defendants' motion to strike.

## STANDARDS

### A. Motion to Dismiss, Failure to State a Claim

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**B. Motion to Strike**

A court may strike material under Rule 12(f) of the Federal Rules of Civil that is "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc.*, 984 F.2d at 1527).

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone*, 618 F.3d at 973; *see also Fantasy, Inc*, 984 F.2d at 1527. The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (cleaned up)).

## BACKGROUND

Plaintiff alleges that Bonner went to Defendants' golf club on or about August 16, 2020, to watch the finals of the club championship. FAC (ECF 26) ¶ 2. Plaintiff asserts that while at the golf club, Bonner consumed an excessive amount of alcohol and was visibly intoxicated, such that "he had passed the crucial period of transition from conscious volition to a loss of reason and volition." *Id.* Despite Bonner's visible intoxication, Plaintiff alleges that Defendants and their employees continued to serve alcoholic beverages to Bonner, such that Bonner's consumption of alcohol became involuntary. *Id.* ¶ 3. Plaintiff asserts that Defendants' employees sold alcohol from golf carts that followed the match around. *Id.* ¶¶ 3, 5, 7.

During the club championship, Bonner was allegedly riding on the rear of a golf cart, in a position that is not allowed by the manufacturer of the golf cart. *Id.* ¶ 6. Plaintiff alleges that "professionals at the golf course, including a woman named 'Maggie,'" saw Bonner riding in this position but took no action. *Id.* Bonner then allegedly fell from the golf cart, hitting his head on the asphalt. *Id.* ¶ 9. Plaintiff alleges that Bonner suffered numerous injuries from this fall, including hemorrhages, bone fractures, and encephalopathy, for which he underwent four surgeries, and which ultimately caused his death. *Id.* ¶¶ 11-12.

Plaintiff asserts that Defendants were negligent under a theory of premises liability by making golf carts available and permitting Bonner to ride on the rear of the golf cart; failing to instruct Bonner to stop riding on the rear of the golf cart; failing to warn Bonner of the risks of riding on the rear of the golf cart; failing to call for a form of transportation so that Bonner could safely exit the golf club; failing properly to train their staff to identify visibly intoxicated persons that had lost their sense of will and volition; failing to take reasonable measures to monitor and protect patrons who are visibly intoxicated; and implementing and enforcing systems that incentivized the overselling of alcoholic beverages. *Id.* ¶ 10. Plaintiff also alleges that

Defendants were negligent under a theory of liquor liability by serving alcoholic beverages to Bonner when he had lost his sense of reason and volition and was thus involuntarily consuming alcoholic beverages. *Id.* ¶ 22.

## DISCUSSION

**A. Motion to Dismiss**

The scope of a defendant's liability to a plaintiff under a premises liability theory depends on the plaintiff's status as either a licensee, an invitee, or a trespasser. *Towe v. Sacagawea, Inc.*, 357 Or. 74, 87 (2015). The parties do not dispute that Bonner was an invitee: he was invited to enter the premises for the purpose of watching the golf championship. *Cassidy v. Bonham*, 196 Or. App. 481, 486 (2004). Thus, to state a claim against Defendants, Plaintiff must allege that Defendants had actual knowledge, or in the exercise of reasonable care should have had knowledge, of conditions of the property "that create an unreasonable risk of harm" to Bonner, and Defendants failed "either to eliminate the condition creating that risk or to warn any foreseeable invitee of the risk." *Woolston v. Wells*, 297 Or. 548, 557-58 (1984). Whether a condition creates an "unreasonable risk of harm" depends on the type of visitors the owner would reasonably foresee. *See, e.g.*, *Betrand v. Palm Springs & Eur. Health Spa, Inc.*, 257 Or. 532, 536 (1971) (finding that when owner knew that many customers had physical infirmities, the owner had reason to know that water on the floor of a locker room would create an unreasonable risk of harm); *Nelsen v. Nelsen*, 174 Or. App. 252, 260 (2001) (finding an unreasonable risk of harm where the defendant knew that the plaintiff had a visual impairment and might not see an otherwise obvious hazard). Further, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them unless the possessor should anticipate the harm despite such

knowledge or obviousness." *Nelsen*, 174 Or. App. at 256 n.3 (emphasis omitted) (quotation marks omitted).

Plaintiff alleges that by allowing guests to ride on the back of golf carts, Defendants created an unreasonable risk of harm to invitees. Defendants argue that Plaintiff never alleges that Defendants knew or should have known that Bonner or other guests were riding on the back of a golf cart, but merely asserts that "professionals at the golf course, including a woman named 'Maggie,'" observed Bonner riding in that position. FAC ¶ 6. Plaintiff does not provide detail as to who "Maggie" is, or her relationship to Defendants. To plead a claim for premises liability, however, Plaintiff need not allege that Defendants knew that *Bonner* was engaging in certain behavior. Rather, Plaintiff must allege that Defendants knew or should have known only of an unreasonably risky *condition* within their property.

Plaintiff asserts in the FAC that Defendants "knew, or in the exercise of reasonable care, should have known, based on their network of employees and agents present throughout the course at all times during the club championship tournament, that Mr. Bonner was riding defendants' golf carts improperly and failed to take action." FAC ¶ 7; *see also id.* ("Defendants knew, or in the exercise of reasonable care, should have known, that guests would ride golf carts improperly, and that riding on the rear of golf carts was an unreasonably dangerous activity."); *id.* ¶ 10(c) (alleging that Defendants "knew, or in the exercise of reasonable care, should have known, of the reasonably foreseeable and unreasonably dangerous risk of harm presented" by "riding in an improper position on the golf cart"). Plaintiff also alleges that "[t]he risks created from riding on the back of golf carts in an improper position were not known and obvious to members and guests" at the golf club. *Id.* ¶ 8. As in the original Complaint, these allegations state legal conclusions that the Court does not credit. *See Iqbal*, 556 U.S. at 678-79; *Moore v.*

*Willis*, 307 Or. 254, 259 (1988) ("Including the words 'knew or should have known' in a complaint does not automatically satisfy the requirement of alleging foreseeability."). The Court thus examines if Plaintiff has pleaded any factual allegations supporting these conclusions.

Plaintiff newly alleges in her FAC that Defendants had "a network of employees and agents present throughout the course at all times during the club championship tournament." FAC ¶ 7. This allegation provides some factual support for the assertion that Defendants knew or should have known of a harm presented. Making all inferences in favor of Plaintiff, this allegation provides some evidence that Defendants either knew, or in the exercise of reasonable care should have known, of this condition of the property. Plaintiff, however, does not provide any nonconclusory allegations showing that this condition presented an unreasonable risk of harm. Plaintiff does not allege that riding on the back of golf carts is unreasonably dangerous, but merely that it is a position not permitted or allowed by the manufacturer of the golf carts. FAC ¶ 6. The Court thus finds that Plaintiff has not sufficiently alleged that Defendants had actual or constructive knowledge of an unreasonable risk of harm and grants Defendants' motion to dismiss this claim.

**B.  Motion to Strike**

Defendants move to strike Paragraph 8 of the FAC as immaterial, impertinent, or scandalous. Defendants argue that Paragraph 8 seeks to admit impermissible evidence of subsequent remedial measures, in violation of Rule 407 of the Federal Rules of Evidence. In Paragraph 8, Plaintiff alleges that "[s]hortly after the incident involving [Bonner], defendants added warning signs on golf carts, instructing individuals not to ride on the rear of the cart." FAC ¶ 8. Plaintiff responds that Rule 407 is a rule of *evidence*, not of pleadings or allegations of ultimate facts, and thus does not apply to Plaintiff's allegations. Further, Plaintiff contends that

Defendants have not admitted to their control or ownership over the golf carts, and thus the allegations may have an admissible purpose, such as to show ownership or control.

Defendants' motion to strike is unpersuasive. The allegations that Defendants ask the Court to strike ultimately may prove of limited evidentiary value or even inadmissible, but they are not "immaterial," "impertinent," or "scandalous." As Plaintiff argues, this evidence may be admissible to show Defendants' control over the golf carts or the feasibility of adding a warning. The Court thus denies the motion to strike.

## CONCLUSION

The Court GRANTS Defendants' partial motion to dismiss, ECF 29, and dismisses Plaintiff's claim for premises liability. The Court DENIES Defendants' motion to strike, ECF 29.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge